IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaron W. Evans, ) | C/A No. 0:08-1772-PMD-PJG |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Jaron W. Evans ("Evans"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On September 19, 2005, Evans applied for DIB. Evans's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). An initial hearing was held on June 26, 2006, at which Evans appeared and testified and was represented by counsel. The ALJ issued a decision denying benefits on November 29, 2006, concluding that Evans was not disabled on or before his date last insured, December 31, 2004, because work existed in the national economy which Evans would have been able to perform.

Evans was fifty-three years old at the time of the ALJ's decision. He has a high school education, as well as two years of college education and vocational training as a machinist. He is

able to communicate in English.  Evans has past work experience as a farm hand, carpenter, and a metal fabricator.  (Tr. 81-83.)  Evans alleges disability since February 8, 2003 due to degenerative hip and joint disease and Perthes syndrome.  (Tr. 80.)

The ALJ found:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2004.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of February 8, 2003 through his date last insured of December 31, 2004 (20 CFR 404.1520(b) and 404.1571 *et seq.*)

   *   *   *

3. Through the date last insured, the claimant had the following severe impairments:  degenerative disc disease and Perthes disease (20 CFR 404.1520(c)).

   *   *   *

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

   *   *   *

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to:  sit, stand and walk each for 6 hours of an 8-hour day; frequently lift/carry 10 pounds; occasionally lift 20 pounds; and occasionally stoop and squat.  He would also require a sit/stand option at will.

   *   *   *

6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).

   *   *   *

7. The claimant was born on January 22, 1953 and was 51 years old on the date last insured, which is defined as an individual closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has



        transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the dated [sic] last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c) and 404.1566).

                \*   \*   \*

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time from April 20, 2001, the alleged onset date, through December 31, 2004, the date last insured (20 CFR 404.1520(g)).

(Tr. 15-19.)

On April 10, 2008, the Appeals Council denied Evans's request for review, making the decision of the ALJ the final action of the Commissioner.  Evans filed this action on May 1, 2008.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972).  The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and



    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more

than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589.  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775 (4th Cir. 1973).

## ISSUES

Evans raises one issue for this judicial review, alleging that the ALJ erred in failing to afford great weight to Plaintiff's testimony regarding intensity and degree of pain. (Pl.'s Br., Docket Entry 10 at 2.)

## DISCUSSION

In evaluating subjective complaints of pain, the Fourth Circuit Court of Appeals has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  Id. (internal quotation omitted).  After that threshold requirement has been met, the ALJ must expressly consider "the intensity and persistence of the claimant's pain and the extent to which it affects [his] ability to work" Id.

In applying the two-step test, the ALJ first determined that "the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms." (Tr. 16.)  It is uncontested that Evans satisfied the threshold question.  The ALJ then found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms



are not entirely credible." (Tr. 16.) Thus, the issue is whether the ALJ properly evaluated Evans's subjective complaints regarding the intensity and persistence of his pain and the extent to which it affects his ability to work. See Craig, 76 F.3d at 594.

In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers." Id.

In this case, the ALJ discussed Evans's testimony, as well as the medical and non-medical evidence. Evans testified that Dr. Strohmeyer, Evans's treating orthopaedic surgeon, recommended a hip replacement, but Evans is unable to afford it. Evans alleges that his medical problems affect his balance and his ability to stand, walk, and sit. Evans estimated that during the relevant time period, he could stand for one hour at a time and two to three hours during the course of a day; he could walk one hundred yards; he could sit for ten minutes on one side and then he would have to shift to the other; and he is restricted from climbing, lifting, or carrying things. (Tr. 16.) The ALJ

noted the minimal amount of medical evidence from Evans's onset date until his date last insured. Further, the ALJ determined that "the medical evidence from the relevant period does not reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were actually disabled." (Tr. 17.) Specifically, according to the record, Evans only had one visit with Dr. Strohmeyer during that time, who reported that Evans was doing fine. (Tr. 16, 17, 130.) Dr. Strohmeyer further noted that "[a]s far as his hip goes, I told him to continue as he is doing until he just cannot take it anymore and then it would be time to go ahead and replace his hip." (Tr. 130.) Dr. Strohmeyer also found Evans was doing well neurologically and with regard to his strength. (Id.) Dr. Strohmeyer advised Evans that he should return in three or four months; however, there is no indication that Evans returned until three years later. (Tr. 17, 130.) The ALJ also noted Evans's previous claim, which was denied on February 7, 2003, and he considered the prior ALJ's findings.[1] Evans filed this claim on February 8, 2003. The ALJ noted "the paucity of medical evidence which exists for the period from February 8, 2003 through the claimant's date last insured, the brief period between the previously adjudicated period and the period addressed in this subsequent claim, and the fact that there is no evidence of record which provides a basis for making a different finding with respect to the period being adjudicated."

The court has reviewed the record and finds that the ALJ conducted a proper analysis in concluding that Evans's subjective complaints of pain were not entirely credible. The ALJ considered the objective medical evidence as well as the non-medical evidence in evaluating Evans's credibility. See Craig, 76 F.3d at 595. There is substantial evidence supporting the ALJ's finding

---

[1] This decision was affirmed on appeal to the United States District Court. See Evans v. Apfel, C/A No. 9:03-2203-PMD (Aug. 20, 2004).



that Evans's complaints regarding his pain are inconsistent with the record. The ALJ correctly noted the paucity of evidence from Evans's previous denial through his date last insured. The medical evidence during the relevant period revealed that Evans's one examination with his treating physician was "unremarkable" and he was doing fine. Further, the evidence indicates that Evans did not seek additional treatment from his treating surgeon for approximately three years. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (noting that the absence of ongoing medical treatment can discredit a claimant's allegations). Accordingly, the court may not substitute its judgment for the ALJ's judgment. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

## RECOMMENDATION

For the foregoing reasons, the court finds that the Commissioner's decision was supported by substantial evidence and reached through application of the correct legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

*(signature)*
Paige J. Gossett

June 15, 2009
Columbia, South Carolina

UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).